M5G1WAHA

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                            21 Cr. 603 (VEC)

AAMIR WAHAB, WILLIAM
WASHINGTON, KEYON DOOLING,

               Defendants.              Arraignment
------------------------------x
                                        New York, N.Y.
                                        May 16, 2022
                                        2:02 p.m.


Before:

               HON. VALERIE E. CAPRONI,

                                        District Judge


                    APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  KRISTY J. GREENBERG, ESQ.
     Assistant United States Attorney

LAW OFFICE OF ALEX R. KESSEL
     Attorneys for Defendant Aamir Wahab
BY:  ALEX R. KESSEL, ESQ.

ZALTZBERG LAW
     Attorneys for Defendant William Washington
BY:  RAOUL ZALTZBERG, ESQ.

DONALD YANNELLA P.C.
     Attorneys for Defendant Keyon Dooling
BY:  DONALD J. YANNELLA, III, ESQ.
```

1              (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your
3     appearance for the record.
4              MS. GREENBERG:  Kristy Greenberg for the government.
5     Good afternoon, your Honor.
6              THE COURT:  Good afternoon, Ms. Greenberg.
7              MR. YANNELLA:  And Donald Yannella for Keyon Dooling.
8     Good afternoon, your Honor.
9              THE COURT:  Good afternoon, Mr. Yannella.  Good
10    afternoon, Mr. Dooling.
11             MR. ZALTZBERG:  For William Washington, Raoul
12    Zaltzberg.  Good afternoon, your Honor.
13             THE COURT:  Good afternoon, Mr. Zaltzberg.  Good
14    afternoon, Mr. Washington.
15             You can sit down, everybody.
16             And in Los Angeles?
17             MR. KESSEL:  Your Honor, thank you for this
18    appearance.  It was very convenient.  Alex Kessel, attorney for
19    Dr. Aamir Wahab, and we're both appearing on videoconference,
20    your Honor.
21             THE COURT:  All right.  Good afternoon, Mr. Kessel.
22    Good afternoon, Mr. Wahab.
23             DEFENDANT WAHAB:  Good afternoon.
24             THE COURT:  Okay.  All right.  Let's start with:  For
25    the defendants, Congress, in its infinite wisdom, passed a law

1    not too long ago that tells me that the first time I see a
2    criminal defendant, I need to remind the government of its
3    obligations under the Constitution.  Since this is the first
4    time I've seen the three of you, let me remind the government
5    of its obligations under the Constitution and then we'll turn
6    to the arraignment, okay?
7              All right.  Ms. Greenberg, I direct the prosecution to
8    comply with its obligation under *Brady v. Maryland* and its
9    progeny to disclose to the defense all information, whether
10   admissible or not, that is favorable to the defendant, material
11   either to guilt or to punishment, and known to the prosecution.
12   Possible consequences for noncompliance may include dismissal
13   of individual charges or the entire case, exclusion of
14   evidence, and professional discipline or court sanctions on the
15   attorneys responsible.  I've already entered a written order
16   more fully describing this obligation and the possible
17   consequences of failing to meet it, and I've directed the
18   prosecution to review and comply with that order.
19   Ms. Greenberg, do you confirm that you understand your
20   obligations and have and will fulfill them?
21             MS. GREENBERG:  Yes, your Honor.
22             THE COURT:  Okay.  Before I turn to the arraignment,
23   Mr. Zaltzberg, and Mr. Yannella, are you both here as CJA
24   counsel?
25             MR. ZALTZBERG:  Yes, your Honor.

1          MR. YANNELLA:  That's correct, your Honor.
2          THE COURT:  And have your defendants filed financial
3     affidavits?
4          MR. ZALTZBERG:  Yes, your Honor.
5          MR. YANNELLA:  Yes, your Honor.
6          THE COURT:  Okay.  All right.  So we're here for the
7     arraignment on the S3 indictment.  So to the defendants, you
8     are all charged in an indictment with a single count of
9     conspiracy to commit health care fraud and wire fraud.  I'm
10    going to ask you each whether you've seen the indictment, read
11    it, and discussed it with your lawyer.
12         Let me start with you, Mr. Wahab.  Have you seen the
13    indictment?
14         DEFENDANT WAHAB:  Yes.
15         THE COURT:  Have you read it?
16         DEFENDANT WAHAB:  Yes.
17         THE COURT:  Have you discussed it with your attorney?
18         DEFENDANT WAHAB:  Yes, your Honor.
19         THE COURT:  How do you plead, guilty or not guilty?
20         DEFENDANT WAHAB:  Not guilty.
21         THE COURT:  All right.  Mr. Washington, have you seen
22    the indictment?
23         DEFENDANT WASHINGTON:  Yes, your Honor.
24         THE COURT:  Have you read it?
25         DEFENDANT WASHINGTON:  I have, your Honor.

1    THE COURT:  Have you discussed it with your attorney?
2    DEFENDANT WASHINGTON:  Yes, I have, your Honor.
3    THE COURT:  How do you plead, guilty or not guilty?
4    DEFENDANT WASHINGTON:  Not guilty.
5    THE COURT:  And Mr. Dooling, have you seen the
6    indictment?
7    DEFENDANT DOOLING:  Yes, your Honor.
8    THE COURT:  Have you read it?
9    DEFENDANT DOOLING:  Yes, your Honor.
10   THE COURT:  Have you discussed it with your lawyer?
11   DEFENDANT DOOLING:  Yes.
12   THE COURT:  And how do you plead, guilty or not
13   guilty?
14   DEFENDANT DOOLING:  Not guilty.
15   THE COURT:  Okay.  Ms. Greenberg, could you kind of
16   lay out for these defendants what this case looks like and what
17   the discovery is.
18   MS. GREENBERG:  Yes, your Honor.
19   THE COURT:  And you can take your mask off when you're
20   speaking.
21   MS. GREENBERG:  Yes, your Honor.
22   This is a case where, at the heart of it is the NBA
23   players health and benefit plan, which is a health care plan
24   providing benefits to eligible active and retired players of
25   the NBA.  And as alleged in the superseding indictment, from in

M5G1WAHA

or about 2017 through in or about 2021, the charged defendants engaged in a widespread scheme to defraud the plan by submitting fraudulent invoices and claims for reimbursement of medical and dental services that they did not receive. Over the course of the scheme, we allege that the defendants submitted or caused to be submitted to the plan false claims of at least approximately $5 million from which the defendants received at least approximately $2.5 million in fraudulent claims.

As to the particular defendants that are here at this proceeding, Mr. Dooling, along with Terrence Williams and Alan Anderson, were involved in recruiting other plan participants to participate in the scheme. Mr. Wahab, who is a licensed dentist, provided Terrence Williams and Keyon Dooling with fake invoices for dental services that were not actually rendered in exchange for proceeds from the plan. Mr. Washington, who is a licensed physician, provided Mr. Williams with fake invoices for wellness services that were not actually provided in exchange for proceeds from the plan.

Those are the general allegations. There is more detail, obviously, in the superseding indictment as to those.

With respect to discovery, I would note at the outset that there was a protective order in this case and that all discovery that has been produced and will be produced to the newly added defendants are being produced pursuant to the terms

1     of that protective order.
2             THE COURT:  I'm sorry to interrupt.  Have these
3     defendants seen the protective order and signed on yet?
4             MS. GREENBERG:  They have not signed on, but I
5     believe -- I don't believe so, but I know it is publicly filed
6     on ECF.  We can confer with each of the defense attorneys as
7     well as to whether or not they will sign on.
8             THE COURT:  Okay.
9             MS. GREENBERG:  We have been in touch with the
10    discovery coordinator, who is preparing to produce all
11    materials in this case that's been produced to all other
12    defendants, and that generally consists largely of subpoena
13    returns relating to these defendants and the providers.  That
14    can range from travel records, bank records, credit card
15    financial records, certain witness statements.  There were also
16    various disclosure letters that were made relating to certain
17    witness statements.  Those have been produced to the defendants
18    in the original indictment.  Those will also be produced to the
19    newly added defendants.  Legal process—search warrants, 2703(d)
20    orders, 2703(d) terms.  That's largely what the discovery looks
21    like that has already been produced to the original defendants.
22    We anticipate this week or next week making some additional
23    individual productions in this case, and certainly we are
24    making all reasonable efforts to complete our productions in
25    advance of June 7th, when we originally had the conference

1  scheduled.
2          Some outstanding items that we are working to produce
3  with respect to these defendants are search warrant returns
4  containing prospective cellphone location information, subpoena
5  returns that relate specifically to these three defendants,
6  subpoena returns from both the plan and the third-party
7  administrators.  Much of that has already been produced.  We
8  are reviewing that information again just to make sure, with
9  respect to these defendants, that we are capturing everything
10 and producing that material.  Search warrant returns relating
11 to these newly added defendants' email accounts, again, that's
12 an ongoing review that we do anticipate being able to make in
13 advance of June 7th.  Each defendant will get in its entirety
14 their own email accounts, but the responsiveness for each of
15 those accounts we do anticipate being done in advance of
16 June 7th.  Search warrant returns for particular physical
17 devices.  And here, I will be a little more specific.  With
18 respect to Dr. Wahab, the government obtained a search warrant
19 on seven electronic devices that were used or controlled by
20 Mr. Wahab or his businesses.  The review of those seven devices
21 is in progress, and we anticipate, again, being able to produce
22 those in advance of June 7th.  Also, a cellphone was obtained
23 via search warrant from Mr. Dooling, and that is a little more
24 difficult.  That cellphone has not been extracted.  It has been
25 difficult to assess whether or not it will be able to be

extracted and whether any responsiveness materials from that cellphone will be able to be produced.  Again, we're making all reasonable efforts here, but it's just a matter of whether or not the cellphone is going to be able to be opened as to that.

The only additional information that is new from the government's May 2nd letter to the Court is that the FBI was recently able to get into one of Mr. Williams's phones so that that review is now just beginning, so that may take some time.  Again, we are working very hard to make all efforts to get productions in advance of June 7th.  I just note that is brand new, so we're doing our best, and we'll be able to update the Court -- I believe our next update is June 3rd.

THE COURT:  Thank you.  Okay.

MS. GREENBERG:  Thank you.

THE COURT:  So all of that is to say, gentlemen, there's a lot of discovery in this case.  Ms. Greenberg said this, but let me repeat:  Emma Greenwood has been appointed as the coordinating discovery attorney.  For the CJA attorneys, you obviously will have access to that.  Mr. Kessel, for Dr. Wahab, if you want access to it, Ms. Greenwood will make arrangements.  You just have to pay for your portion of the cost of her work.  For what it's worth, she's a wonderful discovery coordinator and I think she is worth every penny that she costs.

MR. KESSEL:  Thank you.

1    THE COURT:  And so y'all are just coming in, and I
2    realize that there's a lot of information, but my plan is to
3    get at least preliminary trial groupings.  There are obviously
4    way too many defendants in this case to try everybody together.
5    But my plan is, whoever ends up going to trial, to try people
6    in groups of three to five.  Sort of about that is about the
7    most defendants we can effectively manage in a single trial.
8    So I've directed all of the defendants and the government to
9    meet and confer to see if everybody can reach an agreement on
10   what are logical trial groupings, given the facts of the case.
11   If you can agree, then I'd like a joint letter on June the 3rd
12   laying out what the trial groupings are.  If the parties cannot
13   reach an agreement on what the groupings are, the government
14   will submit their proposal on June the 3rd, and then I'm
15   requesting a joint defense counterproposal on June the 10th.

16   Our next conference will be on July the 7th at 11:00.
17   To the defendants who are here personally, normally I require
18   defendants in a criminal case to appear in person.  The Los
19   Angeles defendant got an excuse because his lawyer could not
20   come, so it just seemed crazy to make him fly all the way for a
21   10-minute arraignment.  Normally, though, I'd like all
22   defendants here.  For the conference on the 7th, it is not
23   necessary.  You do not need to come.  I'm going to do it by
24   phone.  You're welcome to call in to the conference if you want
25   to.  It is purely a scheduling conference.  What I need to do

1    at that point is set a schedule for any pretrial motions as
2    well as to set trial schedules.  So if you'd like to call in
3    and listen in, you're welcome to.  If you don't want to, you
4    don't have to.  If you're not going to call in and if you're
5    not going to show up in person, I need a waiver of your
6    in-person appearance, with consent to your attorney appearing
7    on your behalf, by July the 1st.
8            But my goal is to have the first trial in this case in
9    December.  The government has previously, in connection with
10   the other defendants, estimated that trials, if they're limited
11   to three to five defendants, should be about a week and a half
12   to two weeks.  Is that correct, Ms. Greenberg?  Am I
13   remembering that right?
14            MS. GREENBERG:  Yes, your Honor.
15            THE COURT:  So that's my plan is to start in December
16   and then try to do one a month until we get everybody tried who
17   wants to proceed to trial.
18            So I've already excluded time until July the 7th, so
19   that exclusion stays in place.
20            Anything further from the government, Ms. Greenberg?
21            MS. GREENBERG:  No, your Honor.
22            THE COURT:  Anything further on behalf of Mr. Wahab,
23   Mr. Kessel?
24            MR. KESSEL:  Your Honor, no.  Understood everything
25   you've said.  Thank you.

M5G1WAHA

1           THE COURT:  Terrific.
2           Anything further on behalf of Mr. Washington,
3   Mr. Zaltzberg?
4           MR. ZALTZBERG:  No.  Thank you very much, your Honor.
5           THE COURT:  How about you, Mr. Yannella, on behalf of
6   Mr. Dooling?
7           MR. YANNELLA:  No, your Honor.
8           THE COURT:  Thanks, everybody.  And just to be clear,
9   I do not have COVID.  I sound terrible, but I don't have COVID.
10  I've been tested numerous, numerous times, so I've got a bad
11  throat, but it's not COVID.
12          ALL COUNSEL:  Thank you, your Honor.  Feel better.
13                               o0o