M96VDOOP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          21 Cr. 603 (VEC)

5    KEYON DOOLING,

6                   Defendant.             Plea

7    ------------------------------x

8                                          New York, N.Y.
                                           September 6, 2022
9                                          12:10 p.m.

10

     Before:
11
                         HON. ONA T. WANG,
12
                                           Magistrate Judge
13

14                         APPEARANCES

15

     DAMIAN WILLIAMS,
16        United States Attorney for the
          Southern District of New York
17   RYAN B. FINKEL
          Assistant United States Attorney
18
     DONALD J. YANNELLA, III
19        Attorney for Defendant

20

21   Also Present:  Lisa Vega, FBI

22

23

24

25

M96VDOOP

```
 1              (Case called)
 2              THE DEPUTY CLERK:  Please state your appearances for
 3    the record.
 4              MR. FINKEL:  Good afternoon, your Honor.
 5              Ryan Finkel for the government.  I'm joined today at
 6    counsel table by Special Agent Lisa Vega from the FBI.
 7              THE COURT:  Good afternoon.
 8              MR. YANNELLA:  For Mr. Dooling, Donald Yannella.
 9              Good afternoon.
10              THE COURT:  Good afternoon.
11              All right.  I understand that we're going to arraign
12    Mr. Dooling on the superseding indictment and then go to a
13    change of plea; is that right?
14              MR. YANNELLA:  Yes, your Honor.
15              THE COURT:  Okay.  Let's do the arraignment first.
16              All right.  Mr. Dooling, are you able to speak and
17    understand English?
18              THE DEFENDANT:  Yes.  Yes, your Honor.
19              THE COURT:  Okay.  And I have before me a superseding
20    indictment in this case.  And the charges are -- Count One is
21    conspiracy to commit healthcare fraud and wire fraud --
22              MR. YANNELLA:  It's all the way back on page 34, your
23    Honor.
24              THE COURT:  Thank you.
25              MR. YANNELLA:  I did the same thing.
```

M96VDOOP

| | |
|---|---|
| 1 | THE COURT:  Okay.  Sorry, I just noted -- was told |
| 2 | that we needed to do the arraignment first.  All right. |
| 3 | And Count Two is conspiracy to make false statements |
| 4 | relating to healthcare matters.  And is it just those two |
| 5 | counts? |
| 6 | MR. FINKEL:  Yes, your Honor. |
| 7 | THE COURT:  All right. |
| 8 | Counsel, have you seen this indictment? |
| 9 | MR. YANNELLA:  Yes, I have, your Honor. |
| 10 | THE COURT:  And have you reviewed it with your client? |
| 11 | MR. YANNELLA:  Yes. |
| 12 | THE COURT:  And do you waive its public reading? |
| 13 | MR. YANNELLA:  Yes. |
| 14 | THE COURT:  And how does the defendant wish to plead |
| 15 | at this time? |
| 16 | MR. YANNELLA:  He wishes to enter a not-guilty plea. |
| 17 | THE COURT:  All right.  Thank you. |
| 18 | Has there already been -- I am assuming with docket |
| 19 | entry 497 that there already has been a 5(f) order entered in |
| 20 | this case? |
| 21 | MR. FINKEL:  Yes, your Honor. |
| 22 | THE COURT:  Okay. |
| 23 | All right.  Now let's proceed to the plea allocution. |
| 24 | I have before me a consent to proceed before a United |
| 25 | States Magistrate Judge on a felony plea allocution that you |

M96VDOOP

| | |
|---|---|
| 1 | have signed, Mr. Dooling.  What this form says is that knowing |
| 2 | that you have the right to have this plea taken by a United |
| 3 | States District Judge, you are agreeing to have the plea taken |
| 4 | by a United States Magistrate Judge instead. |
| 5 | As a magistrate judge, I have the authority to take |
| 6 | your plea with your consent, and you will still be entitled to |
| 7 | all of the same rights and protections as if you were before a |
| 8 | district judge.  Among other things, if you are found guilty, |
| 9 | you will be sentenced by a district judge. |
| 10 | Did you sign this consent to proceed before a United |
| 11 | States Magistrate Judge voluntarily? |
| 12 | THE DEFENDANT:  Yes, your Honor. |
| 13 | THE COURT:  And before you signed the form, did your |
| 14 | lawyer explain it to you? |
| 15 | THE DEFENDANT:  Yes, your Honor. |
| 16 | THE COURT:  And do you wish to proceed with your plea |
| 17 | before a United States Magistrate Judge? |
| 18 | THE DEFENDANT:  Yes, your Honor. |
| 19 | THE COURT:  All right.  Your consent is accepted. |
| 20 | The purpose of this proceeding is to make sure that |
| 21 | you understand your rights, to decide whether you're pleading |
| 22 | guilty of your own free will, and to make sure you're pleading |
| 23 | guilty because you are guilty and not for some other reason. |
| 24 | Do you understand that? |
| 25 | THE DEFENDANT:  Yes, your Honor. |

M96VDOOP

|1|         THE COURT:  If at any time you don't understand any of

|2| my questions or if you want to consult with your attorney, just

|3| say so; because it is important that you understand every

|4| question before you answer.

|5|         Before I take your plea, I must ask you a series of

|6| questions and I, therefore, need to place you under oath.

|7|         (Defendant sworn)

|8|         THE COURT:  All right.  Mr. Dooling, do you understand

|9| that any statements you make here today under oath may be used

|10| against you in a prosecution for perjury or for making false

|11| statements if you do not tell the truth?

|12|         THE DEFENDANT:  Yes, your Honor.

|13|         THE COURT:  Talk normally into the microphone.

|14|         THE DEFENDANT:  Okay.

|15|         THE COURT:  You don't need to lean super in.

|16|         THE DEFENDANT:  Sounds good.

|17|         THE COURT:  All right.  Please tell me your full name.

|18|         THE DEFENDANT:  Keyon Latoy Dooling.

|19|         THE COURT:  All right.  And how old are you?

|20|         THE DEFENDANT:  42 years old.

|21|         THE COURT:  Did you say 42?

|22|         THE DEFENDANT:  42 years old.

|23|         THE COURT:  And are you a citizen of the United

|24| States?

|25|         THE DEFENDANT:  Yes, your Honor.

M96VDOOP

| 1 | THE COURT:  And are you able to read and write in |
| 2 | English? |
| 3 | THE DEFENDANT:  Yes, your Honor. |
| 4 | THE COURT:  And how far did you go in school? |
| 5 | THE DEFENDANT:  Two years of college. |
| 6 | THE COURT:  Two years of college.  Okay. |
| 7 | Are you recently -- are you now or have you recently |
| 8 | been under the care of a doctor or psychiatrist for any reason? |
| 9 | THE DEFENDANT:  I'm currently in therapy. |
| 10 | THE COURT:  Sorry? |
| 11 | THE DEFENDANT:  I'm currently seeing a therapist. |
| 12 | THE COURT:  Okay.  All right. |
| 13 | Does the condition for which you are treated and for |
| 14 | which you're seeing the therapist, does that have any impact on |
| 15 | your ability to see or hear or think or reason or understand or |
| 16 | make decisions or judgments? |
| 17 | THE DEFENDANT:  No. |
| 18 | THE COURT:  Have you been treated recently for any |
| 19 | mental illness or addiction to narcotic drugs of any kind? |
| 20 | THE DEFENDANT:  No, your Honor. |
| 21 | THE COURT:  As you sit here today, are you under the |
| 22 | influence of any mind-altering drug or any alcoholic drink? |
| 23 | THE DEFENDANT:  No, your Honor. |
| 24 | THE COURT:  Are you on any medication? |
| 25 | THE DEFENDANT:  No, your Honor. |

M96VDOOP

1              THE COURT:  Have you been able to understand
2    everything that I've said to you so far?
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  Do you feel all right today?
5              THE DEFENDANT:  I feel great.
6              THE COURT:  All right.
7              Have you seen a copy of the indictment in this case?
8              THE DEFENDANT:  Yes, your Honor.
9              THE COURT:  And have you read it?
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  And do you understand what it says that
12   you did?
13             THE DEFENDANT:  I do.
14             THE COURT:  And have you had a chance to discuss the
15   charges and how you wish to plead with your attorney?
16             THE DEFENDANT:  Yes, your Honor.
17             THE COURT:  Are you satisfied with your attorney's
18   representation of you?
19             THE DEFENDANT:  Yes, your Honor.
20             THE COURT:  And have you had a full opportunity to
21   discuss this case with him?
22             THE DEFENDANT:  Yes, your Honor.
23             THE COURT:  And has he told you the consequence of
24   pleading guilty?
25             THE DEFENDANT:  Yes, your Honor.

M96VDOOP

1          THE COURT:  And are you ready to enter a plea?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Count One of the indictment, of the

4     superseding indictment, charges you with conspiracy to commit

5     healthcare fraud and wire fraud.  And under the plea agreement,

6     which I will get to shortly, will contemplate that you will

7     plead to conspiracy to commit the single object of healthcare

8     fraud.

9          Count One, as modified by the plea agreement, charges

10     you -- again would be charging you with conspiracy to commit

11     the single object of healthcare fraud, in violation of 18,

12     United States Code, 1349.  Count One carries a maximum sentence

13     of ten years' imprisonment; a maximum term of three years'

14     supervised release; and a maximum fine of as much as $250,000,

15     or twice what was made by the criminal activity, or twice what

16     someone other than yourself lost because of the criminal

17     activity; and a mandatory $100 special assessment.  In

18     addition, the Court must order you to pay restitution to any

19     victims.

20          Do you understand these maximum penalties that I have

21     just described to you?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Okay.  I'll also note that the plea

24     agreement indicates that you agree to forfeit to the United

25     States a sum of -- the sum of $449,250.50 in United States

M96VDOOP

| | |
|---|---|
| 1 | currency.  And you agree to make -- and that there is a consent |
| 2 | order of forfeiture which I have seen; and that you also agree |
| 3 | to make restitution in the amount of $547,495 to the National |
| 4 | Basketball Association Players Health and Welfare Benefit Plan. |
| 5 | And the obligation to make such restitution shall be made a |
| 6 | condition of probation or supervised release. |
| 7 |         Do you also understand that if, as part of your |
| 8 | sentence, you are placed on a term of supervised release and |
| 9 | you then violated any of the conditions of that release, you |
| 10 | could face an additional term of imprisonment? |
| 11 |         Do you understand that? |
| 12 |         THE DEFENDANT:  Yes, your Honor. |
| 13 |         THE COURT:  That means that the district judge can |
| 14 | revoke the term of release previously imposed and return you to |
| 15 | prison without giving you any credit for time previously served |
| 16 | on post-release supervision. |
| 17 |         You told me earlier that you're a citizen of the |
| 18 | United States.  By law, I still must tell you that if, in fact, |
| 19 | you are not a United States citizen, a guilty plea means that |
| 20 | you may be removed from the United States and denied admission |
| 21 | to the United States or denied citizenship in the future. |
| 22 |         Do you understand that? |
| 23 |         THE DEFENDANT:  Yes, your Honor. |
| 24 |         THE COURT:  All right.  I'm now going to explain |
| 25 | certain constitutional rights that you have.  These are rights |

M96VDOOP

1    that you will be giving up if you enter a guilty plea.  Please

2    listen carefully to what I'm about to say.  And if you do not

3    understand something, stop me, and your attorney and I will

4    explain the issue more fully.

5            Do you understand that you have a right to plead not

6    guilty or, having already pleaded not guilty, to persist in

7    that plea, and that you would have a right to a speedy and

8    public jury trial, if you wish?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  And do you understand that if you plead

11   not guilty and go to trial, you would be presumed innocent and

12   the burden would be on the government to prove your guilt

13   beyond a reasonable doubt?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  That means that you would not have to

16   prove you were innocent, and you could not be convicted unless

17   a jury of 12 people unanimously agreed that you are guilty

18   beyond a reasonable doubt.

19           Do you understand that you would be entitled to be

20   represented by an attorney at all stages — at trial and at

21   every other stage of the proceedings — and if you could not

22   afford to hire one, the Court would provide an attorney to you

23   for free?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Do you understand that at such a trial,

M96VDOOP

1    you would be entitled to confront and cross-examine any

2    witnesses called by the government to testify against you; that

3    you would be entitled to testify on your own behalf; that you

4    could call witnesses and present evidence; and that the Court

5    would issue subpoenas at your request to compel witnesses to

6    appear and testify in your defense, even if they didn't want to

7    come?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  And do you understand that at a trial, you

10    would not be required to testify against yourself?  And if you

11    chose not to testify, that could not be used against you.

12            Do you understand that if you were convicted at a

13    trial, you have a right to appeal that verdict to a higher

14    court?

15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  Do you understand that if you enter a

17    guilty plea, you give up all of these rights, including your

18    right to a trial; that you will not be able to withdraw your

19    plea; and the only remaining step in this case will be the

20    sentencing?

21            THE DEFENDANT:  Yes, your Honor.

22            THE COURT:  And do you understand that the decision as

23    to the appropriate sentence in your case will be entirely up to

24    the sentencing judge, and that she will be limited only by what

25    the law requires?

M96VDOOP

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Do you understand that even if you are

3     surprised or disappointed by your sentence, you will still be

4     bound by your guilty plea?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  And finally, if you do plead guilty, you

7     are also giving up the right not to incriminate yourself, and I

8     will ask you questions about what you did in order to satisfy

9     myself that you are actually guilty.  By pleading guilty, you

10     will be admitting your factual, as well as legal, guilt.

11            Do you understand that?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  Knowing all of this, do you still wish to

14     plead guilty to -- I guess I'm going to call it the

15     lesser-included charge in Count One of the indictment.

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  And have any force or threats been used,

18     either direct or indirect, to influence how you plead today?

19            THE DEFENDANT:  No, your Honor.

20            THE COURT:  Okay.

21            I have a question for the government.

22            I had been provided, I think, an earlier version of

23     the plea agreement that's dated August 15th.  And I see that

24     the original is dated August 31st.  Is there anything that has

25     changed between the August 15th and August 31st versions?

M96VDOOP

1          MR. FINKEL:  Your Honor, the only thing that's changed

2      is that the August 31st plea agreement references the S7

3      superseding indictment.  The agreement you have referenced the

4      S3 superseding indictment.  Substantively, aside from that, the

5      plea agreements are the same.

6          THE COURT:  Okay.  And I do note that I have the S7

7      superseding indictment before me, and that was what Mr.  --

8      what I used to arraign Mr. Dooling.

9          MR. FINKEL:  Yes, your Honor.

10          The S7 indictment was returned on August 31st and

11      supplanted the S3.  So the plea agreement was reissued with the

12      same terms, just updated to notice the S7 indictment.

13          THE COURT:  Okay.  Great.  Thank you very much.

14          All right.  I have before me a letter dated August

15      31st from the U.S. Attorney to your attorney containing a plea

16      agreement.  Have you read this letter?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  And did you sign it on the last page?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Before you signed it, did you discuss it

21      with your attorney?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  And did he explain to you all of its terms

24      and conditions?

25          THE DEFENDANT:  Yes, your Honor.

M96VDOOP

```
1          THE COURT:  And apart from what is contained in this
2   letter, have any promises been made to you in order to get you
3   to plead guilty?
4          THE DEFENDANT:  No, your Honor.
5          THE COURT:  All right.
6          In reviewing the plea agreement, I note that it
7   contains an analysis of how part of our law of sentencing known
8   as the sentencing guidelines may impact on any prison term in
9   your case.  Based on that analysis, the agreement states that
10  the guideline sentencing range can be expected to be from 33 to
11  41 months.  Do you understand that?
12         THE DEFENDANT:  Yes, your Honor.
13         THE COURT:  And do you understand that the sentencing
14  judge is not bound by the calculation in the letter; and that
15  they will be free to do their own calculation, which may result
16  in a guideline range that is different from the one in the
17  letter?
18         THE DEFENDANT:  Yes, your Honor.
19         THE COURT:  And do you understand that no matter what
20  sentencing range the sentencing judge believes is called for by
21  the guidelines, that range is just one of many factors that the
22  judge will consider in determining your sentence; and that the
23  judge has discretion to give you a prison sentence below or
24  above that range --
25         THE DEFENDANT:  Yes, your Honor.
```

M96VDOOP

1          THE COURT:  -- anywhere up to the maximum sentence of

2     ten years.  Do you understand that?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  And do you also understand that under the

5     terms of this plea agreement, if the judge sentences you to a

6     prison term that is 41 months or less, you are giving up your

7     right to appeal that sentence or to challenge it in any other

8     way, such as through a writ of *habeas corpus*?

9          Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Also, do you understand that the plea

12     agreement says that you cannot appeal any fine less than

13     $150,000 -- any fine of $150,000 or less; and that you agree

14     not to appeal any forfeiture amount that is less than

15     $449,250.50; and that you also agree not to appeal any

16     restitution amount that is less than or equal to $547,495; and

17     that you cannot appeal any lawful sentence of supervised

18     release?  Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you also understand that in this

21     letter, you're giving up your right to complain if the

22     government withheld evidence from your attorney that would have

23     been helpful to you?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  All right.

M96VDOOP

1           Is your plea voluntary, that is, made of your own free

2      will?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Have any threats been made to influence

5      how you plead today?

6           THE DEFENDANT:  No, your Honor.

7           THE COURT:  And did you, in fact, commit the offense

8      that is charged in Count One of the indictment?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Okay.  Before I ask you to tell me what

11     you did, I will ask the government to summarize the elements of

12     the offense and, if they wish, to tell me what evidence they

13     would have offered at trial.

14          MR. FINKEL:  Your Honor, the elements of the

15     lesser-included offense in Count One are that the government

16     would need to prove beyond a reasonable doubt:

17          First, that two or more persons in some way or manner

18     agreed to try to accomplish a common and unlawful plan, here,

19     to commit healthcare fraud as charged in the indictment.

20          And second, the defendant knew the unlawful purpose of

21     the plan, and willfully enjoyed it -- excuse me, willfully

22     joined it.

23          The elements of healthcare fraud, the substantive

24     crime, are:

25          First, the defendant executed or attempted to execute

M96VDOOP

1   a scheme or artifice to defraud a healthcare benefit program by

2   means of false or fraudulent pretenses, representations, or

3   promises.

4        Second, the defendant -- excuse me.  Second, the false

5   or fraudulent pretenses, representations, or promises related

6   to a material fact.

7        Third, the defendant acted willfully and intended to

8   defraud.

9        And fourth, the defendant did so in connection with

10  the delivery of or payment for healthcare benefits, items, or

11  services.

12       In addition, the government would need to prove venue

13  by a preponderance of the evidence.

14       THE COURT:  Did you want to tell me about any evidence

15  that the government would have offered at trial?

16       MR. FINKEL:  Sure.  Sorry, your Honor.

17       If this were to proceed to trial, the government would

18  offer, among other things, documents submitted to the NBA's

19  healthcare reimbursement plan, testimony from witnesses, email

20  search warrant returns, and evidence establishing that certain

21  invoices submitted to the plan were fraudulent.

22       THE COURT:  All right.

23       Mr. Dooling, please tell me in your own words what

24  makes you guilty of the charge against you.

25       THE DEFENDANT:  Between 2017 and 2020, I agreed with

M96VDOOP

1     others to commit healthcare fraud, including in the Southern

2     District of New York.  I agreed to receive financial kickback

3     payments from medical professionals in exchange for allowing

4     them to bill the NBA Health and Welfare Benefits for services

5     that I knew had not been rendered.

6          I knew it was illegal for me -- excuse me.  I knew it

7     was illegal for the medical professionals to bill for services

8     not rendered, and I knew my actions were illegal.

9          THE COURT:  And Mr. Dooling, I noticed that you were

10    reading from a statement, and that's entirely appropriate.  I'm

11    sure you and your attorney wanted to make sure that the

12    statements were exact and correct.  I want to ask you one more

13    time, did you do those things that you just told me about?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Does the government represent that it has

16    sufficient evidence to establish defendant's guilt beyond a

17    reasonable doubt?

18         MR. FINKEL:  Yes, your Honor.

19         THE COURT:  And Mr. Yannella, do you know of any

20    reason why your client should not be permitted to plead guilty?

21         MR. YANNELLA:  No, your Honor.

22         THE COURT:  And do you have any doubt as to the

23    defendant's competence to plead at this time?

24         MR. YANNELLA:  No your Honor.

25         THE COURT:  And how is venue in the Southern District

M96VDOOP

1   of New York satisfied in this case?

2          MR. FINKEL:  One of the co-conspirators of this scheme

3   submitted and caused to be submitted fraudulent claims to the

4   plan from the Southern District of New York.

5          THE COURT:  Okay.  Any objection to that,

6   Mr. Yannella?

7          MR. YANNELLA:  No.  I've discussed it with my client

8   and we have no objection.

9          THE COURT:  All right.

10          And finally, again, Mr. Dooling, you knew -- did you

11   know that what you were doing was against the law?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  All right.

14          Are there any further questions either side wants me

15   to ask at this time?

16          MR. FINKEL:  No, your Honor.  Thank you.

17          MR. YANNELLA:  No, your Honor.

18          THE COURT:  All right.  On the basis of Mr. Dooling's

19   responses to my questions and my observations of his demeanor,

20   I find that he is fully competent to enter an informed plea at

21   this time.  I also conclude that he understands the nature of

22   the charge and the consequences of his plea.  And finally, I am

23   satisfied that his plea is voluntary and that there is a

24   factual basis for it.

25          Accordingly, I recommend that the proffered plea to

M96VDOOP

1    the lesser-included charge in Count One of the indictment be

2    accepted.

3         I assume the government will order a copy of the

4    transcript and will submit it to Judge Caproni, together with

5    any additional paperwork so that she may act on my

6    recommendation.  A presentence investigation report is ordered.

7         Should I set a sentencing date, or has one already

8    been set?

9         MR. FINKEL:  Your Honor, the government asks you set a

10   control date.

11        THE COURT:  Okay.  All right.

12        We'll set a control date for 90 days out, which is

13   December 5th.

14        All right.  The prosecution case summary for purposes

15   of the presentence report is to be delivered to the probation

16   department no later than 14 days from today.  Defense counsel,

17   please make yourself available to be interviewed by the

18   probation department with your client no later than 14 days

19   from today.

20        Is there anything else on this matter from either

21   side?

22        MR. FINKEL:  Yes, your Honor.  I just ask that the

23   defendant -- that the Court inquire whether the defendant

24   admits to the forfeiture allegation in the indictment pursuant

25   to the plea agreement, and just formally that the defendant

M96VDOOP

1    state that he is pleading guilty.

2                THE COURT:  Okay.  I thought I did that.

3                MR. FINKEL:  If you did, I apologize.

4                THE COURT:  No, that's okay.

5                We can always do it again.

6                All right.  So I wanted to confirm with you,

7    Mr. Dooling, that you admit the forfeiture allegation in the

8    plea agreement?

9                THE DEFENDANT:  Yes, your Honor.

10               THE COURT:  And he's already signed a consent order of

11   forfeiture, right?

12               MR. FINKEL:  Yes.

13               THE COURT:  Okay.  All right.  Yes, I see

14   Mr. Dooling's signature on it.

15               And then are you pleading guilty now and your intent

16   is to plead guilty now?

17               THE DEFENDANT:  Yes.

18               THE COURT:  And you're pleading guilty because you are

19   guilty and not for some other reason?

20               THE DEFENDANT:  I am pleading guilty because I assume

21   full responsibility for my actions.

22               THE COURT:  Thank you very much.

23               MR. FINKEL:  Thank you, your Honor.

24               THE COURT:  All right.  Thank you very much.

25               We are adjourned.           (Adjourned)